■ ARGONAUT INSURANCE COMPANY, Respondent, v CONTINENTAL INSURANCE COMPANY, Appellant, et al., Defendants.—Judgment, Supreme Court, New York County, entered December 9, 1977, unanimously modified, on the law and the facts and in the exercise of discretion, to deny summary judgment with respect to the question of excess versus primary coverage, without prejudice to the litigation of such issue after the determination of the tort action in chief, and to sever and to stay this declaratory judgment action pending the determination of the tort action, and otherwise affirmed, without costs and without disbursements. The defendant Lister, executrix of the estate of defendant Sewell, brought a malpractice action for wrongful death against a hospital, a surgeon and others, and also the defendant Adams, a certified registered nurse anesthetist. Adams was covered by two insurance policies. The first insurance policy issued by Argonaut, the plaintiff-respondent, insured the hospital for up to $1,000,000. The second policy, issued by Continental, the defendant-appellant, individually covered Nurse Adams. The Continental policy in this malpractice aspect would be for $200,000 for this claim (in view of our determination here it becomes

immaterial, but there is an error in the judgment at Special Term in this respect, and the figure should not be $300,000 but $200,000). Each policy contained an "other insurance" clause. The Continental policy provided for liability only in proportion of its maximum coverage to the total available maximum insurance. The Argonaut policy provided that its coverage would be excess. Argonaut originally defended all of the parties but when Continental came into the picture, Argonaut withdrew its defense of Nurse Adams and cross-claimed against her for indemnification and at the same time brought this declaratory judgment action for a ruling that Continental's policy was primary and for 50% contribution on costs of legal defense. The court at Special Term held both policies applicable but ruled Continental's policy primary and as such responsible for legal defense costs. It would seem that under the rule of *General Acc. Fire & Life Assur. Corp. v Piazza* (4 NY2d 659), a literal reading of the policies leaves Continental, with the pro rata provision, as the primary insurer. However, Continental takes the position that Nurse Adams had acted beyond the scope of her duties, crossing the line between nursing and the practice of medicine, and there was no such coverage contemplated. This question can only be resolved in the determination of the tort action in chief. Concur—Kupferman, J. P., Lupiano, Markewich, Yesawich and Sullivan, JJ.