■ AFFTREX, LTD., et al., Respondents-Appellants, v GENERAL ELECTRIC COMPANY et al., Appellants-Respondents.— Kane, J. P. Cross appeals from an order of the Supreme Court (Brown, J.), entered May 18, 1989 in Saratoga County, which, *inter alia,* denied defendants' motion to dismiss plaintiffs' first cause of action and granted defendants' motion to dismiss all claims brought by plaintiff Afftrex, Ltd.

Plaintiff Afftrex, Ltd., and its co-owner and president, plaintiff William H. Button, initiated this lawsuit to recover for, *inter alia,* damages stemming from an alleged defamatory statement made during a management seminar conducted by defendant General Electric Company. While presiding at a seminar meeting, defendant Albert Kakretz, an employee of General Electric, allegedly stated that: "Bill Button, the owner of Afftrex, is also an evil man. Because of his being an evil man, he too was fired from his job." Button is a former employee of Knolls Atomic Power Laboratory which is operated by General Electric.

Defendants subsequently moved for, *inter alia,* a dismissal of the first cause of action, based on Kakretz's allegedly defamatory statement, and all claims brought by Afftrex. Supreme Court, *inter alia,* denied defendants' motion to dismiss the first cause of action, finding that the allegedly defamatory statement was actionable as mixed opinion constituting slander per se. Supreme Court, however, granted defendants' motion to dismiss the claims brought by Afftrex for lack of standing. These cross appeals followed.

We affirm. In appealing that part of Supreme Court's order that denied their motion to dismiss plaintiffs' first cause of action, defendants argue that Kakretz's statement is protected opinion and therefore not actionable as defamatory. We disagree. Although statements of opinion are constitutionally protected and therefore nonactionable *(see, Gertz v Robert Welch, Inc.,* 418 US 323, 339-349; *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 379-380, *cert denied* 434 US 969), an

opinion which implies a justifiable basis in facts unknown to the listener may formulate grounds for a defamation cause of action *(see, Steinhilber v Alphonse,* 68 NY2d 283, 289; *Sweeney v Prisoners' Legal Servs.,* 146 AD2d 1, 5, *lv dismissed* 74 NY2d 842).* "The actionable element of a 'mixed opinion' is not the false opinion itself—it is the implication that the speaker knows certain facts, unknown to his audience, which support his opinion and are detrimental to the person about whom he is speaking" *(Steinhilber v Alphonse, supra,* at 290). Here, Kakretz's statement that Button "is also an evil man" and therefore "was fired from his job" sufficiently implies that his discharge from employment was for misconduct such as to be susceptible to a defamatory interpretation *(see, Nichols v Item Publishers,* 309 NY 596, 601). Furthermore, "[a] statement which concerns a person in his trade or business and tends to injure him therein is actionable per se" *(Vacca v General Elec. Credit Corp.,* 88 AD2d 740; *see, Nichols v Item Publishers, supra).* Here, the inextricable nexus in Kakretz's statement between Button's evilness and the loss of his job logically leads the listener to the conclusion that Button was fired because he was evil; his evilness in some way affecting his performance at General Electric. Accordingly, no allegation of special damages was necessary *(see, Aronson v Wiersma,* 65 NY2d 592, 594; *cf., Carney v Memorial Hosp. & Nursing Home,* 64 NY2d 770, 772) and Kakretz properly remains a defendant in this action.

We are also in agreement with that part of Supreme Court's order that granted defendants' motion to dismiss all claims brought by Afftrex. Plaintiffs contend that Kakretz's reference to Afftrex defames it, as well as Button. In our view, the allegedly defamatory words reflect directly on Button and his former employment, not upon Afftrex. Therefore, the statement was insufficiently " 'of and concerning' " Afftrex *(Carlucci v Poughkeepsie Newspapers,* 57 NY2d 883, 885) to such an extent that it cannot form the basis of an action for defamation *(see, Adirondack Record v Lawrence,* 202 App Div 251). Accordingly, the complaint was properly dismissed as to all claims brought by Afftrex *(see, supra).*

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ.,