■ B.K. GENERAL CONTRACTORS, INC., et al., Respondents, v MICHIGAN MUTUAL INSURANCE COMPANY et al., Appellants, et al., Defendants. [612 NYS2d 198] —In an action for a judgment declaring the rights of the parties under certain insurance contracts, the defendants Michigan Mutual Insurance Company and Amerisure Companies appeal from so much of an order of the Supreme Court, Orange County (Hillery, J.), dated October 8, 1992, as, upon reargument, adhered to an order of the same court, dated June 26, 1992, which, *inter alia,* granted

the plaintiffs' motion for partial summary judgment declaring that the defendant Michigan Mutual Insurance Company provided primary insurance coverage and the plaintiff United States Fidelity and Guaranty Company provided excess insurance coverage in connection with the defense of the plaintiff B.K. General Contractors, Inc., in an underlying negligence action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and it is declared that Michigan Mutual Insurance Company and United States Fidelity and Guaranty Company provide concurrent insurance to B.K. General Contractors, Inc.

On appeal, Michigan Mutual Insurance Company (hereinafter Michigan Mutual) contends that the court erred to the extent that it held that it is the primary insurance carrier of B.K. General Contractors, Inc. (hereinafter B.K. General) and United States Fidelity and Guaranty Company (hereinafter USF&G) is B.K. General's excess carrier in the underlying negligence action. We agree. Concurrent coverage exists where each insurer provides insurance to an insured for the same interest and against the same risk *(see, Continental Ins. Co. v Commercial Union Ins. Co.,* 27 AD2d 333). Here, the facts indicate that B.K. General (the general contractor) was named as an "additional insured" under the Michigan Mutual Commercial General Liability (hereinafter CGL) policy of the subcontractor, Point Iron Works, for work to be performed at the Nanuet Mall, in Nanuet, New York. The Michigan Mutual policy contained an endorsement which provided that B.K. General was insured only with respect to liability arising out of operations performed for B.K. General by or on behalf of Point Iron Works. B.K. General also obtained its own CGL policy from USF&G. Both CGL policies provided coverage in the event that B.K. General was to become legally obligated to pay damages because of "personal injuries." In addition, both CGL policies purported to be primary insurance.

Under these facts, we find that Michigan Mutual and USF&G are coinsurers since they provided coverage to the same insured for the same interest and against the same risk *(see, Continental Ins. Co. v Commercial Union Ins. Co., supra; cf., Argonaut Ins. Co. v Continental Ins. Co.,* 63 AD2d 927). Further, the carriers' status as coinsurers is not affected by the fact that USF&G's policy provided B.K. General with coverage against a liability (common-law negligence) beyond that provided by Michigan Mutual *(see, Continental Ins. Co. v*

*Commercial Union Ins. Co., supra,* at 336; *see also, Hawthorne v South Bronx Community Corp.,* 78 NY2d 433). Balletta, J. P., Miller, Lawrence and Goldstein, JJ., concur.