■ TRUSTCO BANK OF NEW YORK, Appellant, v CAPITAL NEWSPAPER DIVISION OF THE HEARST CORPORATION et al., Defendants, and JAMES FLANIGAN, Respondent. (Action No. 1.) TRUSTCO BANK OF NEW YORK, Appellant, v TOWN OF NORTH GREENBUSH INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents. (Action No. 2.) [624 NYS2d 291] —Casey, J. Appeals (1) from an order of the Supreme Court (Keniry, J.), entered August 1, 1994 in Schenectady County, which granted defendants' motions for summary judgment dismissing the complaints, and (2) from the two judgments entered thereon.

These two defamation actions by plaintiff arise out of a newspaper article in which defendant James Flanigan is quoted as using the word "extortion" while discussing plaintiff's efforts to evict a manufacturer from premises in the Town of North Greenbush, Rensselaer County. Plaintiff had acquired a mortgage on the premises in its merger with another bank and had declared the mortgage loan in default.

Defendant Town of North Greenbush Industrial Development Agency (hereinafter IDA), chaired by Flanigan, had previously loaned a substantial sum to the manufacturer to keep the operation located in the Town. Plaintiff originally commenced action No. 1 against Flanigan, the newspaper and a reporter, and thereafter commenced action No. 2 against the IDA and Flanigan, in his official capacity as the IDA's chair. Plaintiff withdrew its action against the newspaper and reporter, leaving Flanigan as the only defendant in action No. 1. Flanigan and the IDA moved for summary judgment in both actions and Supreme Court granted the motions, concluding that, as a matter of law, Flanigan's allegedly defamatory statements were constitutionally protected expressions of opinion.

On appeal, plaintiff argues that Flanigan's statements were either mixed statements of opinion and fact or statements of fact and, therefore, are actionable. We disagree. In determining whether a particular statement is actionable, the law recognizes an important distinction between a mixed opinion, which implies that it is based upon facts that justify the opinion but are unknown to the reader, and pure opinion, which is accompanied by a recitation of the facts upon which it is based or, if unaccompanied by a factual recitation, one not implying that it is based upon undisclosed facts *(Gross v New York Times Co.,* 82 NY2d 146, 153). Mixed opinions are actionable because a reasonable reader would infer that the writer knows certain facts, unknown to the reader, that support the opinion and are detrimental to the person who is the subject of the opinion *(supra,* at 153-154). Pure opinions are not actionable because a reasonable reader would infer from the full context of the communication that what is being read is likely to be opinion, not fact *(supra,* at 154). It is not the nature of the particular accusation or the form of the statement that is controlling, but instead "the courts are obliged to consider the communication as a whole, as well as its immediate and broader social contexts, to determine whether the reasonable listener or reader is likely to understand the remark as an assertion of provable fact" *(supra,* at 155).

Flanigan's allegedly defamatory statement is contained in a newspaper article which discussed the lengthy and contentious legal dispute between plaintiff and the manufacturer, S/N Precision Enterprises, Inc. The article noted that plaintiff "has a history of playing hardball with many of its debtors" and that plaintiff's "decision to increase its pressure against S/N Precision comes as the company announced it had just

finished its best quarter ever". Flanigan was quoted in the following passage:

"James Flanigan, chairman of the North Greenbush Industrial Development Agency, was horrified by Trustco's approach to resolving the situation.

" 'Trustco Bank has refused to talk to them about it', he said. '(Robert A. McCormick, chief executive officer of Trustco) is trying to choke off one of the few manufacturing companies left in the area'.

" 'It's not in the best interest of the community, it's not in the best interest of the company and it's not in the best interest of the bank.'

"In order to insure S/N Precision would prosper, the town's industrial development agency lent it $200,000 to help acquire the assets of Pacamor and Kubar. Flanigan said the IDA wanted to create jobs for the area and S/N Precision has kept its part of the bargain.

"Flanigan was miffed at Trustco's actions in light of what he claimed as the help the bank had received from Rensselaer County.

" 'The county found (Phoenix Home Life Mutual Insurance Co.) and matched them together,' he said. 'The county has given this bank a lot of cooperation.'

*"The head of the town's IDA pulled few punches in describing his feelings for the bank. 'Extortion—that's what Trustco is looking for',* said Flanigan" (emphasis supplied).

Flanigan's use of the word "extortion", which is defined as a felony in Penal Law § 155.05 (2) (e), does not necessarily make his remarks actionable statements of fact *(see, 600 W. 115th St. Corp. v Von Gutfeld,* 80 NY2d 130, 143-145). Depending upon the context in which it is used, such an accusation can be understood as mere "rhetorical hyperbole" or a "vigorous epithet", which is not actionable *(see, Gross v New York Times Co., supra,* at 155). We agree with Supreme Court that Flanigan's statements fall within this category.

Considering the context of Flanigan's statements and their inclusion in a newspaper article concerning plaintiff's attempts to evict a local manufacturer, no reasonable reader could understand Flanigan's statements as saying that plaintiff committed the criminal act of extortion. To the contrary, it is clear from the context of the article and Flanigan's statements that Flanigan was concerned not with the legality of plaintiff's actions, but with the impact those actions would

have on the community in general and on a manufacturer to which the IDA had provided financial assistance to bolster the local economy. Nor is there anything in Flanigan's statements or the newspaper article to imply that Flanigan's use of the word "extortion" was based upon undisclosed evidence. Neither the article nor Flanigan's remarks suggest that Flanigan was privy to any "inside information" about the lengthy and complicated legal dispute to which neither he nor the IDA was a party. Also lacking is anything to suggest that Flanigan was in a position to supervise plaintiff's actions or that Flanigan's statements were the product of a deliberate, careful, in-depth investigation *(cf., Brown v Albany Citizens Council on Alcoholism,* 199 AD2d 904). A reasonable reader would understand Flanigan's statements for exactly what they were: an impromptu reaction elicited by a newspaper reporter which the reporter used to add zest to an article about an otherwise mundane legal matter. Considering the communication as a whole, and in its immediate and broader social contexts, we conclude, as a matter of law, that a reasonable reader would be unlikely to understand Flanigan's remarks as provable fact, but would understand his remarks as likely to be opinion.

Plaintiff contends that other statements made by Flanigan and reported in subsequent newspaper articles are part of the context in which Flanigan's earlier statements must be considered. We disagree. Inasmuch as a reasonable reader obviously could not have been aware of Flanigan's subsequent statements when the allegedly defamatory statement was published, the subsequent statements are, in our view, irrelevant for the purpose of determining what a reasonable reader could infer from the original statements. If, as plaintiff claims, the subsequent statements, when read in the context of the original statements, imply the existence of undisclosed facts, the subsequent statements may be actionable, but plaintiff's complaints allege only that the original statements are defamatory. Supreme Court did not err in focusing on the only communication alleged by the complaints to be defamatory. Plaintiff's argument that it can rely on an unpleaded cause of action to defeat a motion for summary judgment is imaginative, but meritless. Also meritless is plaintiff's claim that Supreme Court's ruling is based upon an implicit finding that plaintiff is a public figure. Inasmuch as the statements alleged to be defamatory are nonactionable opinion, plaintiff's status is irrelevant.

Mercure, J. P., Crew III and Yesawich Jr., JJ., concur.

Ordered that the order and judgments are affirmed, with costs.