■ MERCHANTS & BUSINESS MEN'S MUTUAL INSURANCE et al., Respondents, v SAVEMART, INC., Defendant, and CIGNA PROPERTY AND CASUALTY COMPANY, Appellant. [624 NYS2d 623] —In an action for a judgment declaring that the defendants have a duty to defend and indemnify Imperial Sterling, Ltd. in an underlying personal injury action entitled *Lenart v City of*

*New York,* pending in the Supreme Court, Queens County, the defendant Cigna Property and Casualty Company appeals from an order of the Supreme Court, Queens County (Friedmann, J.), dated May 21, 1993, which granted the plaintiffs' motion for summary judgment and denied its cross motion for summary judgment on the issue of coinsurance.

Ordered that the order is modified by deleting the provision thereof which denied the cross motion for summary judgment on the issue of coinsurance and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant Cigna and the Merchants & Business Men's Mutual Insurance Company are coinsurers and are obligated to share equally in the defense and indemnification of Imperial Sterling, Ltd.

In April 1990, Edna Lenart allegedly slipped and fell in front of property owned by Imperial Sterling, Ltd. (hereinafter Imperial) and leased to Savemart, Inc. (hereinafter Savemart). Lenart subsequently commenced a personal injury action against Imperial and Savemart. Pursuant to the lease agreement between Imperial and Savemart, Savemart was obligated to defend and indemnify Imperial and also to obtain liability insurance under which Imperial was to be named as an additional insured. At the time Lenart allegedly fell, Imperial had been named as an additional insured under a liability policy issued to Savemart by the defendant Cigna Property and Casualty Company (hereinafter CIGNA). Notably, Imperial had its own liability policy issued by Merchants & Business Men's Mutual Insurance Co. (hereinafter Merchants).

Thereafter, the plaintiffs herein, Imperial and Merchants commenced an action seeking a judgment declaring, *inter alia,* that CIGNA was required to defend and indemnify them in the action commenced by Lenart. The plaintiffs subsequently moved for summary judgment on their cause of action for defense and indemnity. The defendant Cigna cross-moved for summary judgment declaring that it and coplaintiff Merchants were coinsurers with respect to any claim arising out of Lenart's alleged injury.

In considering the motion and cross motion, the Supreme Court relied on a ruling it made in a prior case entitled *Imperial Sterling v CIGNA* which involved similar facts and the same parties. In that case, a Ms. Sakelos had fallen in-

front of the Savemart store and commenced an action against Savemart and Imperial. As here, Imperial and Merchants commenced a declaratory judgment action arguing that Savemart and CIGNA were obligated to defend and indemnify them. Although Savemart had obligated itself to obtain liability coverage and to name Imperial as an additional insured, it is undisputed that at the time the Sakelos incident occurred, Savemart had not yet arranged to have Imperial named as an additional insured on the CIGNA policy.

The Supreme Court granted Imperial's application in the *Sakelos* action and, without distinguishing between Savemart and CIGNA, ruled that both parties were required to indemnify Imperial. The court did not, however, address the issue of coinsurance, which was not raised by CIGNA. No appeal was ever taken from that order.

In deciding the within motion and cross motion for summary judgment, the Supreme Court concluded that as a result of the prior declaration made in the *Sakelos* lawsuit CIGNA was collaterally estopped from arguing in this action that it was a coinsurer with Merchants. We disagree.

Collateral estoppel "precludes a party from relitigating 'an issue which has previously been decided against it in a proceeding in which it had a fair opportunity to fully litigate the point' " *(Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 455, quoting *Gilberg v Barbieri,* 53 NY2d 285, 291; *see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664). It has been held that "preclusive effect may be given to issues that were actually litigated, squarely addressed and specifically decided" *(Ross v Medical Liab. Mut. Ins. Co.,* 75 NY2d 825, 826; *Oddo v AGFA-Gevaert,* 185 AD2d 921).

It is undisputed that in the *Sakelos* proceeding, the issue of CIGNA's status as a potential coinsurer was not addressed or litigated. Since at the time Sakelos allegedly sustained her injury, Imperial was not named as an additional insured on the CIGNA policy, CIGNA's potential status as a coinsurer was not an issue in that action. Here, however, the facts before the court were materially different since by the time Lenart allegedly fell Imperial had been added as an additional insured to the CIGNA policy, thereby implicating the issue of coinsurance. Since the coinsurance argument was neither addressed nor decided in the *Sakelos* proceeding, CIGNA is not estopped from litigating that question in the instant case.

Upon our review of CIGNA's cross motion, we find that CIGNA was entitled to summary judgment on its coinsurance

claim. CIGNA and Merchants are coinsurers of the plaintiff Imperial inasmuch as both carriers provided coverage to the same insured, for the same interest and against the same risk *(see, B.K. Gen. Contrs. v Michigan Mut. Ins. Co.,* 204 AD2d 584). Moreover, in light of the "other insurance" provisions in the policies, we find that both CIGNA and Merchants are obligated to share equally in the defense and indemnification of Imperial *(J.P. Realty Trust v Public Serv. Mut. Ins. Co.,* 102 AD2d 68, 72-73, *affd* 64 NY2d 945). Thompson, J. P., Sullivan, Copertino and Pizzuto, JJ., concur.