■ Gerald Ferris, Appellant, v Loyal Order of Moose Oneonta Lodge No. 465 et al., Respondents. [686 NYS2d 884] —Graffeo, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered April 17, 1998 in Otsego County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff was a member of defendant Loyal Order of Moose Oneonta Lodge No. 465 (hereinafter the Moose Lodge), which is a fraternal organization located in the City of Oneonta, Otsego County. In February 1994, plaintiff wrote a letter to the Moose Lodge accusing it of filing a false and malicious complaint with the State Unemployment Office alleging that he had employed a housekeeper and paid her "under the table". Plaintiff also requested the Moose Lodge to conduct an investigation to ascertain the source of the complaint. In response, the Moose Lodge instructed plaintiff to appear before its House Committee with documentation to substantiate his allegations. Plaintiff's housekeeper and two other individuals accompanied plaintiff at his appearance before the House Committee. Several weeks later, the Moose Lodge issued a letter to plaintiff, dated March 14, 1994, indicating that his allegations were unfounded, citing him as being disruptive at a Lodge meeting, and directing him to pay a fine in the amount of $100 within 30 days. By correspondence dated March 31, 1994,

plaintiff contested the Moose Lodge's determination and demanded an apology, but he did not remit the $100 fine. Thereafter, the Moose Lodge informed plaintiff that he was being "dropped from the roles [*sic*] immediately" for failure to pay the fine.

In December 1994, plaintiff commenced this action alleging defamation emanating from the correspondence and seeking an order enjoining the Moose Lodge from terminating his membership. Defendants moved for summary judgment dismissing the complaint which was granted by Supreme Court. Plaintiff now appeals.

We first need to determine if the Moose Lodge correspondence contains statements which are actionable as defamation. Whether a given statement constitutes an expression of opinion or an actionable factual assertion is a question of law for the court to decide (*see, Kim v Dvorak*, 230 AD2d 286, 291), and such determination must be made by considering the context of the whole communication, along with its tone and apparent purpose (*see, 600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, *cert denied* 508 US 910). An allegedly defamatory statement is not actionable if it is "pure opinion", which is defined as being accompanied by a recitation of the facts upon which it is based (*see, Steinhilber v Alphonse*, 68 NY2d 283, 289; *Trustco Bank v Capital Newspapers*, 213 AD2d 940; *see also, Gross v New York Times Co.*, 82 NY2d 146, 153-154). In contrast, a statement of opinion which implies that it is based upon facts to support the opinion but such facts are unknown to those reading it, is deemed a "mixed opinion" and is actionable (*see, Steinhilber v Alphonse, supra*, at 289). Here, the alleged defamatory statements are set forth in the March 14, 1994 correspondence, in which the Moose Lodge stated that, based upon its review of plaintiff's allegations concerning the filing of a complaint with the Labor Board, no evidence was found to substantiate such claim and that plaintiff "stated several falsehoods" regarding the nature of the investigation in his presentation of the matter. The Moose Lodge, therefore, revealed the factual basis upon which its determination was based and a reasonable reader of the letter would not infer that the statement was based on certain undisclosed facts (*see, Howlett v Bloom*, 239 AD2d 389; *Roth v Tuckman*, 162 AD2d 941, *lv denied* 76 NY2d 712). Similarly, the April 21, 1994 letter to plaintiff reiterated the content of the March correspondence and advised plaintiff that he was being removed from its membership roster. We conclude, after taking into consideration the context of the statements and the underlying circum-

stances, that the Moose Lodge letters merely offered statements of pure opinion and defendants' motion for summary judgment dismissing this cause of action was properly granted by Supreme Court. In light of this ruling, the remaining contentions concerning plaintiff's cause of action for defamation need not be addressed.

Furthermore, Supreme Court did not err in refusing to enjoin the Moose Lodge from removing plaintiff from its membership rolls. Plaintiff contends that the Moose Lodge's failure to comply with the procedures outlined in chapter 54 of its By-laws necessitates reinstatement of his membership. We disagree. Pursuant to section 32.1 of the Constitution and By-laws, the Moose Lodge has the authority to "impose reasonable fines upon members for offenses or misconduct". Section 43.8 further specifies that the Moose Lodge "shall have the right and power of imposing fines and enforcing payment thereof in the same manner as it may enforce the payment of dues". The removal of a member from the rolls for failure to pay a fine is provided by section 32.11. It is undisputed that plaintiff failed to pay the $100 fine. Chapter 54 of the By-laws, entitled "Detection-Filing of Charges Against Members", appears to be the procedural vehicle for a member who desires to pursue charges against another member regarding a violation of the laws or rules of the lodge; however, our review of the pertinent sections of the By-laws indicates chapter 54 does not mandate that this procedural course be employed prior to the imposition of all fines or the termination of membership for failure to pay dues or a fine imposed under sections 32.1, 32.11 and/or 43.8. We conclude that the Governor of the Moose Lodge was vested with the authority to impose a fine and direct removal from the membership roll for failure to pay the fine and, therefore, plaintiff is not entitled to injunctive relief.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.