■ TILCON N.Y., INC., Respondent, v TRANSCONTINENTAL INSURANCE COMPANY, Appellant, and SENTRY INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant. EASTERN ENGINEERING & SALES CORP., Third-Party Plaintiff-Appellant; FRED HOLT, INC., et al., Third-Party Defendants-Respondents. [690 NYS2d 724] —In an action, inter alia, for a judgment declaring the rights and duties of the parties with respect to an underlying personal injury action, the defendant third-party plaintiff Sentry Insurance Company and the third-party plaintiff Eastern Engineering & Sales Corp. separately appeal from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated March 18, 1998, as granted the plaintiff's motion for summary judgment declaring that they were required to defend the plaintiff in the underlying personal injury action, and that the plaintiff is entitled to recoup from them the costs of defending that action, and sua sponte severed the third-party action, and the defendant Transcontinental Insurance Company appeals from the same order.

Ordered that the appeal by the defendant Transcontinental Insurance Company is dismissed for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that on the Court's own motion, the notice of appeal from so much of the order as sua sponte severed the third-party action is treated as an application for leave to appeal, and leave to appeal from that portion of the order is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff and the third-party defendant Wausau General Insurance Company are awarded one bill of costs.

The contention of the defendant Sentry Insurance Company (hereinafter Sentry) that it was obligated to provide only excess coverage to the plaintiff Tilcon New York, Inc. (hereinafter Tilcon), is without merit. The "other insurance" provision relied upon by Sentry applies to its umbrella policy. The record is devoid of evidence of a similar provision contained in the Sentry general liability policy. Accordingly, Sentry's liability to Tilcon is that of a primary insurer together with Transcontinental, which named Tilcon as an additional insured (*see, Merchants & Bus. Men's Mut. Ins. v Savemart, Inc.*, 213 AD2d 607, 609-610; *United States Fid. & Guar. Co. v CNA Ins. Cos.*, 208 AD2d 1163, 1165; *B.K. Gen. Contrs. v Michigan Mut. Ins. Co.*, 204 AD2d 584, 585).

Sentry's claims against Tilcon's insurer, Wausau General Insurance Company (hereinafter Wausau), will be adjudicated in the third-party action, which was not erroneously severed from the main action (*see,* CPLR 1010). Wausau was not a party to the main action and Sentry will not be prejudiced by having its claims heard in connection with the various other claims between the remaining parties. To the contrary, since the complaint against Tilcon had already been dismissed in the underlying personal injury action, it would be prejudiced by having to wait until the ultimate determination of liability therein for it to be reimbursed its costs of defending that action.

The remaining contentions of Sentry and Eastern Engineering & Sales Corp. are without merit. S. Miller, J. P., O'Brien, Ritter and Altman, JJ., concur.