■ PENNSYLVANIA GENERAL INSURANCE COMPANY, Respondent, v AETNA CASUALTY & SURETY COMPANY, Appellant. [761 NYS2d 571] —Appeal from a judgment (denominated order) of Supreme Court, Erie County (Makowski, J.), entered August 5, 2002, which, inter alia, granted plaintiff's cross motion for summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion in part and granting judgment as follows:

It is adjudged and declared that, after primary coverage under each party's policy is exhausted, the balance is to be paid out of the excess coverage on an equal basis and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking judgment declaring that defendant, as coinsurer, is obligated to reimburse plaintiff for defendant's share of the defense and indemnification costs incurred by plaintiff on behalf of Bell Contractors, Inc. (Bell), in the underlying personal injury action. Supreme Court denied the motion of defendant for summary judgment, declaring that it was not obligated to reimburse plaintiff, and granted plaintiff's cross motion for summary judgment for the relief demanded in the complaint. We conclude that the court properly determined that the parties are coinsurers because "they provided coverage to the same insured for the same interest and against the same risk" (*B.K. Gen. Contrs. v Michigan Mut. Ins. Co.*, 204 AD2d 584, 585 [1994]). The court erred, however, in determining that, after primary coverage under each party's policy is exhausted, the balance should be paid out of the excess coverage on a pro rata basis. Under the "other insurance" provisions of each policy, the parties are obligated to share equally in the defense and indemnification of Bell (*see Merchants & Bus. Men's Mut. Ins. v Savemart, Inc.*, 213 AD2d 607, 610 [1995]; *see also J.P. Realty Trust v Public Serv. Mut. Ins. Co.*, 102 AD2d 68, 72-73 [1984], *affd* 64 NY2d 945 [1985]). We therefore modify the judgment by denying the cross motion in part and granting judgment declaring that, after primary coverage under each party's policy

is exhausted, the balance is to be paid out of the excess coverage on an equal basis. Present—Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.