Thyroff v. Nationwide Mut. Ins. Co.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2005

(Argued: April 11, 2006                                     Decided: June 15, 2007)

Docket No. 05-4005-cv

_____

LOUIS E. THYROFF,

            Plaintiff-Appellant,

      v.

NATIONWIDE MUTUAL INSURANCE COMPANY,
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,
NATIONWIDE LIFE INS., NATIONWIDE GENERAL INSURANCE
COMPANY, NATIONWIDE PROPERTY AND CASUALTY COMPANY,
NATIONWIDE VARIABLE LIFE INSURANCE AND COLONIAL
INSURANCE COMPANY OF WISCONSIN,

            Defendants-Appellees.

_____

Before: WINTER, CALABRESI, POOLER, Circuit Judges.

_____

      Plaintiff-appellant Louis E. Thyroff appeals from a district court's dismissal of his

conversion claim and the court's grant of summary judgment on his breach of contract claim.

Following response by the New York Court of Appeals on the certified question of whether a

claim of conversion is cognizable for electronic data, we vacate the district court's dismissal of

Thyroff's conversion claim and remand for further proceedings.

WILLIAM P. TEDARDS, JR., Washington, D.C. (Leo G. Finucane, Finucane & Hartzell, LLP, Pittsford, NY, on the brief), for Plaintiff-Appellant.

BEN M. KROWICKI, Bingham McCutchen LLP, Hartford, CT, for Defendants-Appellees.

PER CURIAM.

Plaintiff-appellant Louis E. Thyroff appeals an adverse decision by the United States District Court for the Western District of New York (Telesca, J.) dismissing his claims for conversion and breach of contract. We assume familiarity with the underlying facts and procedural history, which are provided at Thyroff v. Nationwide Mutual Insurance Co., 460 F.3d 400 (2d Cir. 2006), certified question answered by Thyroff v. Nationwide Mutual Insurance Co., 8 N.Y.3d 283 (N.Y. 2007). In our prior opinion in this case, we affirmed the district court's grant of summary judgment dismissing Thyroff's breach of contract claim, and certified the following question to the New York Court of Appeals: "Is a claim for the conversion of electronic data cognizable under New York law?" Thyroff, 460 F.3d at 408. On March 22, 2007, the New York Court of Appeals answered the certified question in the affirmative. See Thyroff, 8 N.Y.3d at 293. As we explained in our prior decision, "if a conversion claim may extend to electronic data, Thyroff has stated a claim sufficient to survive Nationwide's motion to dismiss for both his personal and business data." Thyroff, 460 F.3d at 405. Accordingly, based on the response from the New York Court of Appeals that electronic data may be the subject of a conversion claim under New York law, we vacate the district court's dismissal of Thyroff's conversion claim and remand for further proceedings.