■ FRANK ROSSI et al., Appellants, v DEAN M. ATTANASIO et al., Respondents, et al., Defendants. [852 NYS2d 465]—

Peters, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered January 16, 2007 in Saratoga County, which, among other things, granted the motion of defendants Dean M. Attanasio and Kimberly L. Attanasio for summary judgment dismissing the complaint against them.

In April 2004, plaintiff Frank Rossi (hereinafter plaintiff), a real estate developer, sold a newly constructed house owned by plaintiff Rose Marie Rossi, his wife, to defendants Dean M. Attanasio and Kimberly L. Attanasio (hereinafter collectively referred to as defendants). After closing, defendants, owners of a swimming pool business who sought to install a "showcase" pool directly behind their house, discovered that the lot on which their house was situated did not extend as far back as they had been led to believe by plaintiff and his real estate agent and animosities ensued. A story about the conflict appeared on a news broadcast featuring defendants, during which plaintiff was characterized as a "swindling developer."

In May 2004, defendants filed a notice of pendency on the disputed land and commenced an action against plaintiffs alleging fraudulent misrepresentation and fraud.[1] Shortly thereafter, Kimberly Attanasio (hereinafter Attanasio) approached plaintiff as he was speaking to Chittaranjan Prasad, a potential customer, in the driveway of a house in the same development. After attempting in vain to give plaintiff a "punch list" of unfinished items in her home, Attanasio allegedly unleashed a verbal assault on plaintiff which included calling him names such as "crook" and "shyster" and warning Prasad to "watch what you are doing, you are making a mistake," and admonishing him not to do business with plaintiff because "he is a liar and a thief, he robbed me o[f] my land."

Plaintiffs commenced this action against defendants and others[2] in November 2004, asserting claims of slander per se, libel per se and malicious prosecution. All defendants moved for summary judgment on the various claims and plaintiffs cross-moved to amend the complaint's caption. As relevant here, Supreme Court awarded defendants summary judgment, dismissing plaintiffs' third cause of action for slander per se arising out of the driveway incident and fourth cause of action for malicious

---

**1.** This action was ultimately dismissed in its entirety by Supreme Court (Kramer, J.) as being barred by the statute of frauds.

**2.** Plaintiffs also commenced this action against Daniel Levy, the news reporter, Young Broadcasting of Albany, Inc., the owner of the television station, and Young Broadcasting, Inc., the parent company of the station owner.

prosecution, and denied plaintiffs' cross motion.[3] Plaintiffs now appeal.

Plaintiffs first contend that Supreme Court erred in awarding defendants summary judgment with regard to the third cause of action, slander per se, because Attanasio's alleged statements constituted mixed opinion, not rhetorical hyperbole. Whether a statement constitutes pure opinion or an actionable factual assertion is a question of law for the court in the first instance and must be answered on the basis of what the reasonable listener would understand the statement to mean, first considering the content of the whole communication, including its tone and purpose (*see 600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 139 [1992], *cert denied* 508 US 910 [1993]; *Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 254 [1991], *cert denied* 500 US 954 [1991]; *Steinhilber v Alphonse*, 68 NY2d 283, 290 [1986]; *Versaci v Richie*, 30 AD3d 648, 648-649 [2006], *lv denied* 7 NY3d 710 [2006]). A mixed statement of opinion and fact is actionable inasmuch as it gives rise to the inference that such statement is based upon certain facts known to the speaker that are undisclosed to the listener and are detrimental to the person who is the subject of the opinion (*see Gross v New York Times Co.*, 82 NY2d 146, 153-154 [1993]; *Steinhilber v Alphonse*, 68 NY2d at 289; *Ferris v Loyal Order of Moose Oneonta Lodge No. 465*, 259 AD2d 914, 915 [1999], *lv dismissed* 94 NY2d 838 [1999], *lv dismissed and denied* 94 NY2d 873 [1999]).[4] Thus, an accusation of criminal conduct may be considered nonactionable rhetorical hyperbole only when no reasonable person would believe that the speaker was accusing the subject of an actual criminal offense or when the circumstances and general tenor of the remarks negate the impression of a factual assertion (*see Greenbelt Cooperative Publishing Assn., Inc. v Bresler*, 398 US 6, 14 [1970]; *600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d at 143; *Trustco Bank of N.Y. v Capital Newspaper Div. of Hearst Corp.*, 213 AD2d 940, 942-943 [1995]). Moreover, "[a] statement which concerns a person in his [or her] trade or business and tends to injure him [or her] therein is actionable per se" (*Vacca v General Elec. Credit Corp.*, 88 AD2d 740, 740 [1982]; *accord*

---

**3.** While plaintiffs' notice of appeal states that they are appealing from the denial of their cross motion, we deem such issue abandoned inasmuch as it was not addressed in their appellate brief (*see Mrozinski v St. John*, 304 AD2d 950, 951 [2003]).

**4.** This is in contrast to a statement of pure opinion, which is accompanied by a recitation of the facts on which it is based, or implies that it is not based upon any facts at all (*see Steinhilber v Alphonse*, 68 NY2d at 289; *Trustco Bank of N.Y. v Capital Newspaper Div. of Hearst Corp.*, 213 AD2d 940, 941 [1995]).

*Afftrex, Ltd. v General Elec. Co.*, 161 AD2d 855, 856 [1990]; *see Liberman v Gelstein*, 80 NY2d 429, 435 [1992]; *Yammine v DeVita*, 43 AD3d 520, 521 [2007]).

We agree with plaintiffs that, here, Attanasio's alleged statements during the driveway incident constituted an actionable mixed statement of opinion and fact. They represented more than mere rhetorical hyperbole, inasmuch as the record demonstrates that she actually believed that plaintiff had lied to and defrauded defendants and, in layperson's terms, "robbed" them of land that he had allegedly promised to them. Moreover, Attanasio made certain statements directly to Prasad, warning him not to engage in business with plaintiff. The average person, with knowledge that Attanasio had just purchased real estate from plaintiff, would reasonably believe that the opinions expressed by her were based upon facts known by her and undisclosed during the course of the communication.

Supreme Court erred when it used a subjective test in place of the objective standard to determine whether a reasonable listener would infer that Attanasio's opinions were based on assertions of fact (*see Gross v New York Times Co.*, 82 NY2d at 154-155; *600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d at 143). Supreme Court held that her statements constituted rhetorical hyperbole, in part, because witness Patrick Popolizio dismissed the incident and Prasad stated during a deposition that he did not recall the incident. However, the record shows that Popolizio was a fellow real estate developer who had known and done business with plaintiff for many years, thus it follows that this incident would be easily dismissed by him. Furthermore, despite Prasad's claimed lack of recollection, plaintiff stated that, immediately after the incident, Prasad began to question him about finances and plaintiff's ability to build the house and plaintiff's real estate agent stated that Prasad contacted her after the incident and was upset and concerned about plaintiff's argument with a woman who had just purchased a house from him. As such, we find that Attanasio's statements were not rhetorical hyperbole, but a mixed statement of opinion and fact such that a reasonable person would have believed that her statements were supported by facts undisclosed to the listener (*see Steinhilber v Alphonse*, 68 NY2d at 289; *Ferris v Loyal Order of Moose Oneonta Lodge No. 465*, 259 AD2d at 915).

We disagree with plaintiffs, however, that Supreme Court erred in dismissing their cause of action for malicious prosecution. To prove malicious prosecution based upon a prior civil action, a plaintiff must show that a prior proceeding terminated in its favor, a patent lack of probable cause for that proceeding,

malice and special damages (*see Perryman v Village of Saranac Lake*, 41 AD3d 1080, 1081 [2007]; *Fink v Shawangunk Conservancy, Inc.*, 15 AD3d 754, 754 [2005]). Here, lack of probable cause was not patent since evidence relied upon by defendants in bringing the action included alleged misrepresentations by plaintiff and his realtor and the fact that grass and trees had been planted and a sprinkler head installed beyond the disputed property line of the home that defendants purchased.

Mercure, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion dismissing the third cause of action against defendant Kimberly L. Attanasio; motion denied to that extent; and, as so modified, affirmed.