■ B.F. YENNY CONSTRUCTION COMPANY, INC., Plaintiff, v ONE BEACON INSURANCE GROUP, Defendant and Third-Party Plaintiff-Appellant. SELECTIVE WAY INSURANCE COMPANY, Third-Party Defendant-Respondent. [856 NYS2d 762]—

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered April 3, 2007 in a declaratory judgment action. The judgment, inter alia, denied the motion of defendant and third-party plaintiff for summary judgment.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the cross motion is denied, the third-party complaint is reinstated, the motion is granted, and judgment is granted in favor of defendant and third-party plaintiff as follows:

"It is ADJUDGED and DECLARED that third-party defendant is obligated to provide primary coverage and to share equally with defendant and third-party plaintiff in the costs of plaintiff's defense and indemnification in the underlying action."

Memorandum: Plaintiff, the general contractor on a construction project, commenced this action seeking judgment declaring that defendant and third-party plaintiff, One Beacon Insurance Group (One Beacon), is obligated to defend and indemnify plaintiff in the underlying personal injury action. Plaintiff had entered into a subcontract with Syracuse Mosaic Terrazo, Inc. (Syracuse Mosaic) to perform tile work on the construction project, and an employee of Syracuse Mosaic and his wife commenced the underlying action seeking damages for injuries sustained by the employee at the work site. Pursuant to the terms of the subcontract, Syracuse Mosaic agreed to name plaintiff as an additional insured on its commercial general liability policy, which was issued by One Beacon. Supreme Court previously granted plaintiff's motion seeking summary judgment and declared, inter alia, that One Beacon is obligated to defend and indemnify plaintiff in the underlying action.

While plaintiff's motion was pending, One Beacon commenced a third-party action alleging that third-party defendant, Selective Way Insurance Company (Selective), is obligated to defend and indemnify plaintiff in the underlying action pursuant to the commercial general liability policy issued by Selective to plaintiff, and seeking judgment declaring that Selective's coverage obligation is coprimary to that of One Beacon. We conclude that the court erred in denying One Beacon's motion seeking summary judgment granting the declaration sought in the third-party complaint and in granting Selective's cross motion seek-

ing, inter alia, summary judgment dismissing the third-party complaint and awarding Selective $13,656.90 to reimburse it for attorney's fees and costs incurred in the underlying action. In granting Selective's cross motion, the court erred in determining, without reference to the terms of the One Beacon and Selective policies, that coverage of plaintiff as an additional insured under the One Beacon policy was exclusively primary and that Selective's coverage was excess. "In order to determine the priority of coverage among different policies, a court must review and consider all of the relevant policies at issue" (*BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 716 [2007]). Contrary to the court's determination, the terms of the One Beacon and Selective policies are controlling, not the terms of the subcontract between plaintiff and Syracuse Mosaic (*see United States Fid. & Guar. Co. v CNA Ins. Cos.*, 208 AD2d 1163, 1165 [1994]; *U.S. Liab. Ins. Co. v Mountain Val. Indem. Co.*, 371 F Supp 2d 554, 558-560 [2005]). Pursuant to the "other insurance" and "method of sharing" provisions of those policies, both One Beacon and Selective have an obligation to provide primary coverage and to share equally in the costs of plaintiff's defense and indemnification in the underlying action (*see Jefferson Ins. Co. of N.Y. v Travelers Indem. Co.*, 92 NY2d 363, 372 [1998]; *Pennsylvania Gen. Ins. Co. v Aetna Cas. & Sur. Co.*, 306 AD2d 906 [2003]).

Finally, we reject Selective's contention that One Beacon is collaterally estopped from litigating the parties' respective obligations as coinsurers. The doctrine of collateral estoppel does not apply because the issue in the third-party action was not raised in connection with plaintiff's motion for summary judgment in the main action nor was it actually litigated in that action (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Hartford Ins. Co. of Midwest*, 93 NY2d 983, 986 [1999]; *Merchants & Bus. Men's Mut. Ins. v Savemart, Inc.*, 213 AD2d 607, 609 [1995]). Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.