LOUIS E. THYROFF et al., Respondents, v NATIONWIDE MUTUAL INSURANCE COMPANY et al., Appellants. [870 NYS2d 666]—

Memorandum: Plaintiffs commenced this action (second action) in Supreme Court for conspiracy and malicious prosecution relating to a counterclaim asserted by defendant Nationwide Mutual Insurance Company (Nationwide) in an action previously commenced by plaintiffs in federal court (first action) after Nationwide terminated its employment agreement with plaintiff Louis E. Thyroff (plaintiff husband). The course of the litigation in the first action is set forth in the decision of the Second Circuit Court of Appeals (*Thyroff v Nationwide Mut. Ins. Co.*, 493 F3d 109 [2007]), and is not relevant herein. The second action was transferred to federal court on defendants' motion, whereupon plaintiffs filed an amended complaint and moved to remit the second action back to Supreme Court. Defendants opposed the motion and moved to dismiss the amended complaint. The federal court granted plaintiffs' motion to remit and consequently denied defendants' motion to dismiss as moot.

We conclude that Supreme Court, upon remittal, erred in denying defendants' motion for summary judgment dismissing the amended complaint in the second action. We conclude at the outset that, contrary to the court's determination, denial of the motion is not required based on the doctrine of collateral estoppel. As noted, the federal court denied defendants' motion to dismiss the amended complaint in the second action on the ground that it was rendered moot based on the remittal of the action to Supreme Court. Thus, the issue whether dismissal was warranted was never " 'actually litigated, squarely addressed [or] specifically decided' " (*Zayatz v Collins*, 48 AD3d 1287, 1290 [2008], quoting *Ross v Medical Liab. Mut. Ins. Co.*, 75 NY2d 825, 826 [1990]; *see B.F. Yenny Constr. Co., Inc. v One Beacon Ins. Group*, 50 AD3d 1477, 1479 [2008]).

We further conclude that defendants established their entitlement to judgment as a matter of law with respect to the merits of their motion in Supreme Court in the second action. According to plaintiffs, Nationwide entered into a conspiracy with the remaining three defendants, each of whom was an insurance agent under contract with Nationwide. Pursuant to that alleged conspiracy, Nationwide promised those defendants, at no cost to

them, a portion of the business of plaintiff husband, who was also an insurance agent under contract with Nationwide. Plaintiff husband then commenced the first action in federal court, and defendants asserted a compulsory counterclaim against him (*see generally Baker v Gold Seal Liquors, Inc.*, 417 US 467, 469 n 1 [1974]; *Nasalok Coating Corp. v Nylok Corp.*, 522 F3d 1320, 1324-1325 [2008]). In that counterclaim, Nationwide alleged that plaintiff husband was directly and indirectly inducing Nationwide's policyholders to allow their policies to lapse or to cancel them and that Nationwide in fact terminated his employment based on his violation of the regulations of the Securities and Exchange Commission. In addition, Nationwide alleged that plaintiff husband was violating the noncompete clause of his agreement with Nationwide. Plaintiffs now allege in the second action that the counterclaim was filed and pursued "without probable cause and with malice." "To prove malicious prosecution based upon a prior civil action, a plaintiff must show that a prior proceeding terminated in [his or her] favor, a patent lack of probable cause for that proceeding, malice and special damages" (*Rossi v Attanasio*, 48 AD3d 1025, 1028-1029 [2008]; *see Purdue Frederick Co. v Steadfast Ins. Co.*, 40 AD3d 285, 286 [2007]; *Black v Green Harbour Homeowners' Assn., Inc.*, 37 AD3d 1013, 1014 [2007]). Here, even assuming, arguendo, that Nationwide's compulsory counterclaim in the first action in federal court constituted the commencement of an action, we conclude that defendants met their initial burden on their motion in the second action in Supreme Court, and plaintiffs failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). With respect to the cause of action for malicious prosecution, defendants presented evidence establishing that Nationwide had independent information that plaintiff husband was violating the noncompete clause of the agreement, and thus it cannot be said that the counterclaim was asserted with "a patent lack of probable cause . . . [and] malice" (*Rossi*, 48 AD3d at 1028-1029; *see generally Nardelli v Stamberg*, 44 NY2d 500, 502 [1978]). Defendants thus are also entitled to summary judgment dismissing the cause of action for conspiracy, inasmuch as "New York does not recognize civil conspiracy to commit a tort as an independent cause of action" (*Sokol v Addison*, 293 AD2d 600, 601 [2002]; *see Romano v Romano*, 2 AD3d 430, 432 [2003]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.