■ THOMAS HALSTEAD, Plaintiff, v J. WILLIAM STRAUSS, Defendant. (Action No. 1.) THOMAS HALSTEAD, Respondent, v PAUL BROKAW et al., Appellants. (Action No. 2.) JULIA BROKAW, Plaintiff, v THOMAS HALSTEAD, Defendant. (Action No. 3.) [903 NYS2d 241]—

In three related actions, inter alia, to recover damages for defamation, the defendants in action No. 2 appeal from an order of the Supreme Court, Dutchess County (Sproat, J.), dated July 6, 2009, which denied their motion for summary judgment dismissing the complaint in that action.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants in action No. 2 for summary judgment dismissing the complaint in that action is granted.

"The essence of the tort of [defamation] is the publication of a statement about an individual that is both false and defamatory. Since falsity is a *sine qua non* of a [defamation] claim and since only assertions of fact are capable of being proven false . . . a libel action cannot be maintained unless it is premised on . . . assertions of *fact*," rather than on assertions of opinion (*Brian v Richardson*, 87 NY2d 46, 50-51 [1995]). The determination of whether a statement is one of opinion or of fact is to be made by the court (*see Gross v New York Times Co.*, 82 NY2d 146, 153 [1993]). In making that determination, relevant factors are "(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to 'signal . . . readers or listeners that what is being read or heard is likely to be opinion, not fact' " (*Gross v New York Times Co.*, 82 NY2d at 153, quoting *Steinhilber v Alphonse*, 68 NY2d 283, 292 [1986]). A "statement of opinion that is accompanied by a recitation of the facts on which it is based or one that does not imply the existence of undisclosed underlying facts" is not actionable as defamation (*Gross v New York Times Co.*, 82 NY2d at 153-154).

The defendants in action No. 2 made a prima facie showing of

entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]) by proffering evidence sufficient to establish, as a matter of law, that their alleged statements constituted statements of opinion, and not of fact (*see Bernard v Grenci*, 48 AD3d 722, 723 [2008]; *Miness v Alter*, 262 AD2d 374 [1999]; *Ferris v Loyal Order of Moose Oneonta Lodge No. 465*, 259 AD2d 914, 915 [1999]; *cf. Clark v Schuylerville Cent. School Dist.*, 24 AD3d 1162, 1164 [2005]). In opposition, the plaintiff in action No. 2 failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the motion of the defendants in action No. 2 for summary judgment dismissing the complaint in that action. Skelos, J.P., Eng, Hall and Lott, JJ., concur.