Andaloro v Charles (2018 NY Slip Op 06383)





Andaloro v Charles


2018 NY Slip Op 06383


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


976 CA 18-00244

[*1]JOSEPH ANDALORO, PLAINTIFF-APPELLANT,
v
DAISY CHARLES, DEFENDANT, AND PATRICIA FLOYD-ECHOLS, DEFENDANT-RESPONDENT. 






O'HARA, O'CONNELL & CIOTOLI, FAYETTEVILLE (STEPHEN CIOTOLI OF COUNSEL), FOR PLAINTIFF-APPELLANT.
FERRARA FIORENZA P.C., EAST SYRACUSE (HEATHER M. COLE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered August 23, 2017. The order granted the motion of defendant Patricia Floyd-Echols for summary judgment dismissing the complaint against her. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff appeals from an order that granted the motion of Patricia Floyd-Echols (defendant) for summary judgment dismissing the complaint against her. We reject plaintiff's sole contention on appeal that Supreme Court erred in determining that defendant established as a matter of law that plaintiff did not suffer special damages, a requisite element of plaintiff's malicious prosecution cause of action (see generally Thyroff v Nationwide Mut. Ins. Co., 57 AD3d 1433, 1435 [4th Dept 2008], appeal dismissed 12 NY3d 911 [2009], lv denied 13 NY3d 710 [2009]; Rossi v Attanasio, 48 AD3d 1025, 1028-1029 [3d Dept 2008]). Defendant established that the allegations of damages contained in plaintiff's complaint and deposition testimony were insufficient to constitute a "concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit" (Engel v CBS, Inc., 93 NY2d 195, 205 [1999]) and plaintiff failed to raise a triable issue of material fact in response thereto. In light of our conclusion, we need not address defendant's alternative bases for affirmance (see generally Cleary v Walden Galleria LLC, 145 AD3d 1524, 1526 [4th Dept 2016]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court