■ Tanner & Gilbert, Respondent, v Helen Verno et al., Appellants. Tanner & Gilbert, Appellant, v 239 Central Park West Corporation et al., Respondents, et al., Defendants. 239 Central Park West Corporation, Third-Party Plaintiff, v Kenneth Fuld et al., Third-Party Defendants. — Order of the Supreme Court, New York County (Price, J.), entered April 2, 1982, which denied defendants' motion for an order dismissing the amended complaint, is reversed, on the law, with costs, and the motion by defendants is granted. Orders of the Supreme Court, New York County (Pecora, J.), entered September 18, 1981 and October 15, 1982 which, respectively, dismissed the complaint of plaintiff Tanner & Gilbert for legal fees against all defendants, and settled a statement in lieu of a transcript without a hearing, are affirmed, without opinion, with one bill of costs and disbursements. These consolidated appeals have their genesis in a co-operative conversion plan for a residential building on Central Park West. Defendants in the defamation action were members of a group of tenants which opposed the co-operative plan and which succeeded in obtaining a preliminary injunction enjoining the Attorney-General from accepting the conversion plan for filing. Subsequently, three tenants in favor of the plan retained plaintiff law firm which moved to intervene on behalf of its "clients." Although their retainer agreement purportedly was to retain and represent the co-operative corporation, no one on behalf of the corporation had signed this agreement, and, further, another law

firm had already filed a notice of appearance and an answer in this action (see *Wallach v Abrams,* 108 Misc 2d 25). The objecting tenants, including the defendants in the defamation action, lost their battle to prevent adoption of the plan. After a majority of tenants purchased shares at the insider price, plaintiff law firm sent a letter to its three tenant clients purporting to set forth its basis for legal fees chargeable not only to those persons who had in fact retained it but also to all the subscribing tenants. The theory of its claim for fees from the latter group of tenants was that "a benefit" was conferred upon them. The "retainer" fees demanded of the tenants and the co-operative corporation amounted to a total of $2,413,640.74. Plaintiff law firm instituted an action for these alleged legal fees. We have affirmed the dismissal of that action in the appeal by plaintiff from the order of Special Term, entered September 18, 1981, consolidated herein. In the course of the bitter struggle during the conversion period, plaintiff law firm claims that four tenants, defendants Verno, Greenberg, Wallach and Yates, made defamatory remarks against the law firm, after it had moved to intervene, by categorizing the charging of legal fees against nonclient tenants, as "illegal and unethical." It was also charged that at a meeting when these tenants came to pay for their subscription agreements, a member of plaintiff firm was there to record who was purchasing, that this information was transmitted to plaintiff's clients in violation of defendants' privacy rights. Special Term erred when it denied defendants' motion to dismiss the complaint. At the time these statements were made, there was a hotly contested election pending for the board of directors; there had been litigation and further litigation was a distinct possibility. The plaintiff law firm, in thrusting itself into this dispute, made its conduct and its claim for legal fees an issue for discussion. The undisputed facts make it clear that the tenants were at least privileged to make the statements alleged by plaintiff (*Gertz v Robert Welch, Inc.,* 418 US 323; *Greenberg v CBS, Inc.,* 69 AD2d 693). The allegedly defamatory statements were made solely to other tenants in the building in the course of the legal fight and the election campaign. There has been no allegation of a publication to anyone outside the building. " 'A communication made *bona fide* upon any subject matter in which the party communicating has an *interest,* or in reference to which he has a *duty,* is privileged if made to a person having a corresponding *interest* or *duty'* " (*Byam v Collins,* 111 NY 143, 150). Certainly, defendants and the other tenants in the subject building constitute a group with a common interest. In the context of the circumstances outlined herein, the statements by defendants were expressions of opinion having a sufficient factual basis which were comments only upon the particular acts of plaintiff (see *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369). They are not actionable under the "single instance" rule (*Twiggar v Ossining Print. & Pub. Co.,* 161 App Div 718). It was incumbent upon plaintiff to prove that the statements were false and that defendant was actuated by express malice or actual ill will (*Ashcroft v Hammond,* 197 NY 488, 495). In opposing the instant motion, plaintiff submitted the evidence of malice to be the statements themselves. Under the undisputed circumstances of this case, the statements as alleged by plaintiff were not sufficient to raise a factual issue of malice. Concur — Sullivan, J. P., Carro, Asch, Bloom and Milonas, JJ.