■ Harry Bigman et al., Respondents, v Dime Savings Bank of New York, FSB, Appellant.—In an action to recover damages, *inter alia,* for defamation, tortious interference with business relations, and tortious interference with contract, the defendant appeals from so much of an order of the Supreme Court, Queens County (Graci, J.), entered August 17, 1987, as denied those branches of its motion which were for summary judgment dismissing the first, fourth and fifth causes of action asserted in the complaint.

Ordered that the order is modified, by deleting from the third line of the first decretal paragraph the words "second and third causes of action" and substituting therefor the words "second, third, fourth, and fifth causes of action" and by adding a provision granting the plaintiffs leave to serve an amended complaint adding a cause of action to recover damages for defamation based upon two oral statements set forth in the plaintiffs' affirmation dated April 17, 1987; as so modi-

fied, the order is affirmed insofar as appealed from, with costs to the defendant, and the plaintiffs' time to serve an amended complaint is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry.

The defendant bank noticed irregularities on at least 21 loan applications, stemming from apparent misrepresentations by the applicants. A number of these applicants were represented by the plaintiffs, Harry Bigman and Joseph Bigman, partners in a law firm. The defendant bank subsequently issued a written directive to its employees instructing them not to accept applications from clients of the plaintiffs. A second memorandum instructed outside counsel not to close any deals with clients from Bigman & Bigman, and to send the files back to the defendant. We conclude that these words are not reasonably susceptible of the defamatory connotation that the plaintiffs engaged in some misconduct, since to do so would strain the words beyond their fair meaning *(see, James v Gannett Co.,* 40 NY2d 415, *rearg denied* 40 NY2d 990; *Schermerhorn v Rosenberg,* 73 AD2d 276).* Accordingly, as to these written statements, no triable issues of fact remain, and summary judgment should be granted as to them *(see, Zuckerman v City of New York,* 49 NY2d 557).

Such is not the case with respect to two oral statements alleged to have been made by agents of the defendant as set forth in the plaintiffs' affirmation dated April 17, 1987. A real estate broker in the community who apparently dealt with the bank averred that he was told by an agent of the defendant that "my company should not refer our customers to BIGMAN & BIGMAN because they would not be able to close their transactions". An attorney who claimed to have been in the process of closing a deal with clients of the plaintiffs and the defendant bank, averred that he was told that "mortgage papers were being held on [the defendant's agent's] desk because [the] attorneys are Bigman & Bigman". While we find that these utterances are susceptible of the defamatory connotation urged, rendering the words actionable per se, we also find that the defendant bank enjoys the "common interest" privilege, since both communications were made concerning a matter in which the party communicating had an interest and to a person with a corresponding interest *(see, Tanner & Gilbert v Verno,* 92 AD2d 802, 803, *lv dismissed in part and denied in part* 60 NY2d 553; 44 NY Jur 2d, Defamation and Privacy, § 73). Since the existence of such a privilege negates the presumption of malice attending statements deemed actionable per se *(see,* 44 NY Jur 2d, Defamation and Privacy,

§ 73), the plaintiffs must come forward with evidentiary proof beyond conclusory allegations to support the claim of malice *(see, Lee v Weinstein,* 116 AD2d 700, *lv denied* 68 NY2d 601). The plaintiffs grounded their allegation of malice on the fact that after the alleged irregularities surfaced, eight loans were closed out of the 21 applications originally deemed suspect. We agree with the Supreme Court that while this showing fails to demonstrate actual malice, inasmuch as the plaintiffs have not yet conducted discovery, they have not had the opportunity to determine the good faith or malice of the defendant in making the utterances. Accordingly, the plaintiffs are granted leave to serve an amended complaint adding a cause of action to recover damages based upon these oral statements alleged to have been made by agents of the defendant, with the specificity required under CPLR 3016 (a).

With respect to the claim of interference with business relations, summary judgment was premature, since the question of whether the alleged oral defamatory statements were made with the sole motive to injure the plaintiffs cannot be determined until the completion of discovery.

Finally, since the record reveals no evidence of a breach of contract caused by any conduct of the defendant, summary judgment must be granted on the cause of action to recover damages for interference with contract *(see, Inselman & Co. v FNB Fin. Co.,* 41 NY2d 1078). Bracken, J. P., Weinstein, Rubin and Kooper, JJ., concur.