■ LOUIS DI ORIO, Individually and Doing Business as LOUIS CARL DI ORIO ARCHITECTS AND ENGINEERS, Appellant, v UTICA CITY SCHOOL DISTRICT BOARD OF EDUCATION et al., Respondents, et al., Defendants. [758 NYS2d 743] —Appeal from an order of Supreme Court, Oneida County (Siegel, J.), entered April 3, 2002, which, inter alia, granted in part the motion of defendants Utica City School District Board of Education and D. Victor Pellegrino, individually and as a member of Utica Board of Education, to dismiss the amended complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted those parts of the motion of defendants Utica City School District Board of Education (Board) and D. Victor Pellegrino, individually and as a member of the Board, to dismiss the second, third and fourth causes of action of the amended complaint against them. The amended complaint asserts causes of action arising from

the conduct of the Board in investigating corruption charges brought by defendant Perry Jacobs against plaintiff in connection with the performance by plaintiff of his contractual duties as architect for the Utica City School District (School District) on an $8.8 million capital project. Although plaintiff was exonerated from the charges by the Board, plaintiff alleges, inter alia, that the Board "depriv[ed] plaintiff of his procedural rights [to arbitration] under [his] contract with the * * * School District" and inappropriately discussed the charges in public. As against Pellegrino individually, plaintiff alleges that he inappropriately repeated the charges publicly.

Contrary to plaintiff's contention, the amended complaint fails to state a cause of action pursuant to 42 USC § 1983 for denial of due process, and thus the court properly granted that part of the motion seeking dismissal of the second cause of action. We agree with the Board that the allegations in the amended complaint fail to "rise to the level of 'a stigma-plus' injury" (*Ruggiero v Phillips*, 292 AD2d 41, 45 [2002]; *see Morris v Lindau*, 196 F3d 102, 114 [1999]). In any event, the amended complaint fails to allege any due process violation. Due process in this context "requires only that, where the government has made public, stigmatizing statements, it must grant at least a minimal hearing at which the [party who is the subject of the statements] has a fair opportunity to rebut the stigmatizing charges. Once that process is observed, then the requirements of due process are satisfied" (*Garcia v Board of Educ. of Socorro Consol. School Dist.*, 777 F2d 1403, 1418 [1985], *cert denied* 479 US 814 [1986]; *see Board of Regents of State Colls. v Roth*, 408 US 564, 573 [1972]; *Donato v Plainview-Old Bethpage Cent. School Dist.*, 96 F3d 623, 633 [1996], *cert denied* 519 US 1150 [1997]). In the amended complaint, which is verified, plaintiff admits that he had an opportunity "to make a responsive presentation to the board," and thus there was no due process violation (*see Garcia*, 777 F2d at 1418).

Contrary to plaintiff's further contention, the court properly granted that part of the motion seeking dismissal of the third cause of action for intentional infliction of emotional distress. We agree with the Board that "the facts alleged in the amended complaint, even if true, are insufficient to state a cause of action for intentional infliction of emotional distress, which requires 'extreme and outrageous conduct [so transcending] the bounds of decency as to be regarded as atrocious and intolerable in a civilized society'" (*Butler v Delaware Otsego Corp.*, 203 AD2d 783, 785 [1994]). In any event, "a cause of action for intentional infliction of emotional distress should not be

entertained 'where the conduct complained of *falls well within the ambit of other traditional tort liability*' " (*Sweeney v Prisoners' Legal Servs. of N.Y.*, 146 AD2d 1, 7 [1989], *lv dismissed* 74 NY2d 842 [1989], quoting *Fischer v Maloney*, 43 NY2d 553, 558 [1978]), which is the case here. Finally, we conclude that the court properly granted that part of the motion with respect to the fourth cause of action for defamation, dismissing with prejudice so much of that cause of action as is time-barred (*see Egleston v Kalamarides*, 58 NY2d 682, 684 [1982]) and dismissing without prejudice the remainder of that cause of action for lack of particularity (*see* CPLR 3016 [a]; *Lesesne v Lesesne*, 292 AD2d 507, 509 [2002]; *Dillon v City of New York*, 261 AD2d 34, 37-38 [1999]; *cf. Esposito v Billings*, 103 AD2d 956, 957 [1984]). Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.