Keeling v Salvo (2020 NY Slip Op 06395)





Keeling v Salvo


2020 NY Slip Op 06395


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, JJ. 


Index No. 302945/16 Appeal No. 12299 Case No. 2019-03653 

[*1]Cheryl Keeling, Plaintiff-Respondent,
v
Silvina Salvo et al., Defendants-Appellants.


Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel) and White & McSpedon, P.C., (Zena Goldszer of counsel), for appellants.
Pamela D. Hayes Law Offices, New York (Pamela D. Hayes of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about July 24, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the defamation claims as against Silvina Salvo and Chintan Trivedi (hereinafter, defendants), unanimously affirmed, with costs.
Plaintiff, a condominium unit owner and former member of the condominium board of managers, alleges that defendants, a unit owner and chairperson of the board finance committee (Salvo) and the property manager (Trivedi), made defamatory statements about her (see Dillon v City of New York, 261 AD2d 34, 37-38 [1st Dept 1999]; Liberman v Gelstein, 80 NY2d 429, 435 [1992]). Salvo told a meeting of unit owners convened for the purpose of determining whether plaintiff should be removed from the board that plaintiff had not paid her common charges since 2009 and, despite several requests, had not shown documents to the board since being manager of the building. Similarly, Trivedi told other unit owners about plaintiff's failure to pay common charges.
As defendants and the attendees of the board meetings constituted a group with a common interest, the statements at issue are subject to the protection of the common interest privilege (see Liberman, 80 NY2d at 437; Tanner & Gilbert v Verno, 92 AD2d 802 [1st Dept 1983], appeal withdrawn 60 NY2d 822 [1983]). However, plaintiff raised an issue of fact as to whether the privilege here was defeated by alleging malice in the making of the statements (see Liberman, 80 NY2d at 438). The complaint contains detailed factual allegations about Salvo's inspection of the condominium's books and records, which plaintiff produced, about plaintiff's written responses to his follow-up questions, and about his conclusion that the documents showed no irregularities but rather reflected that the condominium owed plaintiff money. These allegations are sufficient to suggest that defendants spoke with culpable recklessness or negligence when they said that plaintiff had refused to produce books and records despite repeated requests and that she owed the condominium a significant sum of money (see Wright v Johnson, 184 AD2d 234 [1st Dept 1992]).
Contrary to defendants' contention, the complaint also adequately alleges defamation per se (see Liberman, 80 NY2d 434-435). Defendants' statements tended to injure plaintiff in her profession or trade. They contain, if not a declaration, then an "insinuation" that she was dismissed from the board because of misconduct (see Nichols v Item Publs., 309 NY 596, 601 [1956]), i.e., her failure to pay more than $80,000 in accrued charges, compounded by her refusal to turn over books and records despite repeated requests. Plaintiff alleges that she is in the business of property management and has held positions of a fiduciary nature, and that the statements at issue both suggest that she is not a capable manager (and indeed resulted in her removal as manager) and cast doubt on her honesty in connection with other people's money. We decline to address defendants' arguments about nonactionable opinion, which were raised for the first time in their reply brief to this Court (see Shackman v 400 E. 85th St. Realty Corp., 161 AD3d 438, 439 [1st Dept 2018]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020