| |
|---|
| **Thomas v City of New York** |
| 2024 NY Slip Op 31744(U) |
| May 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159891/2022 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. HASA A. KINGO** PART 05M

*Justice*

-------------------------------------------------------------------------------X

JASON THOMAS,

Plaintiff,

- v -

CITY OF NEW YORK,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159891/2022 |
| MOTION DATE | 10/02/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 18, 19, 20, 21, 23, 24, 25, 26, 27

were read on this motion to/for _____DISMISSAL_____.

Upon the foregoing documents, defendant the City of New York (the "City") moves, pursuant to CPLR §§ 3211(a)(5) and (a)(7), to dismiss this complaint in its entirety. Plaintiff Jason Thomas ("Plaintiff") opposes. For the reasons set forth herein, the motion is denied.

## BACKGROUND

Plaintiff was employed as a police officer with the New York City Police Department ("NYPD") from September 29, 2000 until March 22, 2022 (NYSCEF Doc No. 17, amended complaint ¶ 9).[1] As alleged in the amended complaint, on November 27, 2017, he was involved in a four-car accident while en route to the NYPD Avenue X Gun Range (*id.* ¶ 11). A week later, his back suddenly seized, despite no history of back issues (*id.* ¶ 13). The next day, Plaintiff met with the District Surgeon, who "accused Plaintiff of lying but placed him on Limited Duty" (*id.* ¶¶ 15-16). In January 2018, Plaintiff was moved from Limited Duty to Restricted Duty (*id.* ¶ 17). Plaintiff

---

[1] Except where otherwise noted, the facts are recited here as alleged in the amended complaint and are accepted as true for the purpose of the motion, as required on a motion to dismiss.

**159891/2022 THOMAS, JASON vs. CITY OF NEW YORK ET AL** **Page 1 of 13**
**Motion No. 002**

[* 1]

attempted to go back to Full Duty in November 2018, but his District Surgeon did not feel comfortable putting him back to Full Duty (*id.* ¶ 18). At a meeting, the District Surgeon told Plaintiff that he should consider other employment options without engaging him in a cooperative dialogue (*id.* ¶ 19). As a result, Plaintiff remained on Restricted Duty (*id.* ¶ 20). Plaintiff was "forced to see his District Surgeon on a monthly basis" (*id.* ¶ 21). At each appointment, he asked "to be put back on full duty and presented documentation from his doctors stating that he was able to work fully duty without accommodation" (*id.* ¶ 22). "At each meeting, Plaintiff would be told that he was disabled when he was in fact not and then told that he would be kicked out of the NYPD based on his perceived disability" (*id.* ¶ 23).

The NYPD initiated a survey of Plaintiff in December 2018 (*id.* ¶ 25). Plaintiff contends that a survey is a forceable separation from the NYPD based on an employee's disability (*id.* ¶ 26). "Based on this recommendation, Plaintiff would be forced to present his medical records to an NYPD Medical Board who determines whether or not Plaintiff can proceed as a police officer" (*id.* ¶ 27). "The NYPD Medical Board evaluates a police officer who appears before them based on whether or not they can perform the essential functions of a police officer working regular patrol duties" (*id.* ¶ 28). Plaintiff asserts that this practice forces disabled officers out of employment, although they could remain employed with accommodation and perform the essential functions of their position without hardship on the employer (*id.* ¶ 30). Plaintiff also alleges that "the Medical Board doctors are not provided with the essential functions of numerous roles that police officers could work with accommodation" (*id.* ¶ 33).

After receiving notice of the survey, Plaintiff was assigned to the Public Service Area 3 where he was given the Telephone Switchboard position in a precinct (*id.* ¶ 34). He continued in this role for over a year, in which time he continued to see the NYPD District Surgeon on a monthly

159891/2022  THOMAS, JASON vs. CITY OF NEW YORK ET AL
Motion No.  002

Page 2 of 13

[* 2]

basis (*id.* ¶¶ 35-36). At each meeting "Plaintiff would ask to be placed back on full duty" and "would be denied his request and told that he would be kicked off the job due to his perceived disability" (*id*. ¶ 37-38).

In November 2019, Plaintiff went before the NYPD Medical Board (*id*. ¶ 43). "On December 6, 2019, Plaintiff was issued a report where the Medical Board determined that Plaintiff was disabled and recommended that he be forcibly separated from the NYPD" (*id*. ¶ 44). Plaintiff disagreed with the findings of the Medical Board and asserts that the findings of the NYPD and the NYPD Medical Board caused Plaintiff to suffer severe emotional distress and created a hostile work environment (*id*. ¶ 52, 55). From 2020 until the end of his employment with the NYPD, Plaintiff "would have regular appointments with the NYPD Medical Division," where he "would request to be placed back on fully duty and provided doctor's notes to the District Surgeon that stated he was fit to return to work" (*id*. ¶¶ 56-57). "At each meeting, Plaintiff would be told, conclusively, that he was disabled without any evaluation" (*id*. ¶ 58). "Rather than engage Plaintiff in the requisite dialogue to assist him [Defendants] repeatedly told him that he was unfit to be a police officer in an effort to terminate his employment based on his perceived disability" (*id*. ¶ 61).

From 2020 until the end of his employment with the NYPD, Plaintiff "was denied overtime because he was on restricted duty" (*id*. ¶ 67). Plaintiff alleges that disabled employees are not permitted overtime while non-disabled employees "are allowed to earn as much as 40 hours a month in overtime which equates to about $7,000 per month, $84,000 per year, more income based on not being disabled" (*id*. ¶ 69). Plaintiff earned only four hours of overtime each year in 2020 and 2021 (*id*. ¶ 74).

159891/2022   THOMAS, JASON vs. CITY OF NEW YORK ET AL
Motion No.  002

Page 3 of 13

[* 3]

"In February 2020, Plaintiff was transferred to PSA 9 where he worked in the Viper Unit" (*id*. ¶ 75). "Plaintiff performed the essential functions of the Viper Unit while he was appealing the Medical Board decisions" (*id*. ¶ 76). On June 12, 2020, Plaintiff presented the Medical Board a note from his treating doctor "which stated that he could continue to work for the NYPD without accommodation" (*id*. ¶ 79). "In July 2020, he was transferred back to PSA 3 where he continued to work in his previous role as a telephone switchboard operator" (*id*. ¶ 85). In a decision drafted on November 20, 2020, the Medical Board "found that despite the treating doctor's note, that Plaintiff had failed to produce any more evidence which warranted a different finding and again recommended forcible separation from the NYPD" (*id*. ¶ 87). The Medical Board again "evaluated Plaintiff to see if he could work full duty as a police officer" (*id*. ¶ 88).

"Plaintiff again appealed the Medical Board finding by letter dated June 2, 2021 (*id*. ¶ 92). "On September 24, 2021, the Medical Board issued a final decision wherein they determined, again, that Plaintiff be forced out of the NYPD based on his disability" (*id*. ¶ 93). In early 2022, prior to his separation form the NYPD, "Plaintiff submitted a formal reasonable accommodation request to the Office of Equal Employment Opportunity" (the "EEO") (*id*. ¶ 97). The EEO never responded to his request (*id*. ¶ 98). Plaintiff submits that he was "forced to retire" on March 22, 2022, as a result of the NYPD's failure to accommodate his disability (*id*. ¶ 99). Plaintiff was age 49 at the time of his retirement, but "if properly accommodated, [he] would have worked until the age of 62" (*id*. ¶ 100-101).

On November 17, 2022, Plaintiff commenced this action to recover damages for employment discrimination under the New York City Human Rights Law ("NYCHRL") by filing a summons and complaint (NYSCEF Doc No. 1). The complaint interposes five causes of action against defendant the City of New York (the "City") and defendant the New York City Police

159891/2022   THOMAS, JASON vs. CITY OF NEW YORK ET AL          Page 4 of 13
Motion No.  002

4 of 13

Pension Fund ("PPF") for (1) disability discrimination in violation of New York City Administrative Code § 8-107, (2) disability discrimination hostile work environment in violation of New York City Administrative Code § 8-107, (3) disability discrimination strict liability in violation of New York City Administrative Code § 8-107(13)(b), (4) failure to provide reasonable accommodation/engage in a cooperative dialogue, and (5) violation of New York City Administrative Code § 8-502.

On June 14, 2023, the City moved on behalf of itself and the PPF, pursuant to CPLR Rule 3211(a)(5) and (a)(7), to dismiss the complaint on the grounds that the complaint is time-barred and otherwise fails to state a cause of action upon which relief may be granted (NYSCEF Doc No. 7, notice of motion). Plaintiff opposed and cross-moved for leave to file an amended complaint. The motion was resolved by stipulation between the parties and Plaintiff filed an amended complaint on August 18, 2023 (NYSCEF Doc No. 17). Plaintiff voluntarily withdrew his claims against the PPF with the amended complaint (NYSCEF Doc No. 14, memorandum at 13). The City now moves pursuant to CPLR Rules 3211(a)(5) and (a)(7) to dismiss the amended complaint on the grounds that it is time-barred and otherwise fails to state a cause of action upon which relief may be granted (NYSCEF Doc No. 18, notice of motion). Plaintiff opposes.

### DISCUSSION

On a motion to dismiss brought under CPLR §3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994] [citations omitted]). Ambiguous allegations must be resolved in the plaintiff's favor (*see JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual

159891/2022   THOMAS, JASON vs. CITY OF NEW YORK ET AL
  Motion No.  002

Page 5 of 13

allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 West 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002] [internal citations omitted]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*Cortlandt Street Recovery Corp. v Bonderman*, 31 NY3d 30, 38 [2018]), but a pleading consisting of "bare legal conclusions" is insufficient (*Leder v Spiegel*, 31 AD3d 266, 267 [1st Dept 2006], *affd* 9 NY3d 836 [2007], *cert denied* 552 US 1257 [2008]) and "the court is not required to accept factual allegations that are plainly contradicted by the documentary evidence or legal conclusions that are unsupportable based upon the undisputed facts" (*Robinson v Robinson*, 303 AD2d 234, 235 [1st Dept 2003]).

Claims under the NYCHRL must be reviewed with "an independent liberal construction analysis in all circumstances . . . targeted to understanding and fulfilling . . . the [NYCHRL's] uniquely broad and remedial purposes," and should be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible" (*Williams v NYC Hous. Auth.*, 61 AD3d 62, 66 [1st Dept 2009][internal citations and quotations omitted]; *Albunio v City of New York*, 16 NY3d 472, 477-478 [2011]). Employment discrimination claims under the NYCHRL are reviewed under a notice pleading standard, in which a "plaintiff alleging employment discrimination need not plead specific facts establishing a *prima facie* case of discrimination but need only give fair notice of the nature of the claim and its grounds" (*Vig v New York Hairspray Co., L.P.*, 67 AD3d 140, 145 [1st Dept 2009][internal quotations omitted]).

### A. Statute of Limitations

As a threshold matter, the City moves to dismiss on the grounds that Plaintiff's claims are time-barred. "On a motion to dismiss a cause of action pursuant to CPLR §3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of

**159891/2022   THOMAS, JASON vs. CITY OF NEW YORK ET AL**
  **Motion No.  002**

**Page 6 of 13**

6 of 13

establishing, *prima facie*, that the time in which to sue has expired (*Benn v Benn*, 82 AD3d 548, 548 [1st Dept 2011]). "In considering the motion, [the] court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff" (*id.*). To satisfy their *prima facie* burden, the movant must establish when the cause of action accrued and that the time to file has expired (*see Lebedev v Blavatnik*, 144 AD3d 24, 28 [1st Dept 2016]). The burden then shifts to the plaintiff to set forth evidentiary facts sufficient to establish or raise a question of fact as to whether the cause of action is timely by showing, *e.g.*, that the statute of limitations was tolled, or was otherwise inapplicable, or that the action was commenced within the applicable limitations period (*see Kitty Jie Yuan v 2368 W. 12th St., LLC*, 119 AD3d 674, 674 [2d Dept 2014]).

The statute of limitations for an action to recover damages for employment discrimination under the NYCHRL is three years (Administrative Code of City of New York § 8-502[d]; CPLR § 214[2]). Additionally, COVID-related Executive Orders tolled statutes of limitations for 228 days from March 20, 2020 until November 4, 2020. Plaintiff commenced this action by filing a summons and complaint on November 17, 2022. Therefore, any claims that accrued prior to April 3, 2019 are ostensibly time-barred. However, Plaintiff asserts that all claims arising from the survey are timely due to the continuous violation doctrine. "Under the NYCHRL [], it has long been recognized that continuing acts of discrimination within the statutory period will toll the running of the statute of limitations until such time as the discrimination ends" (*Ctr. for Indep. of Disabled v Metro. Transportation Auth.*, 184 AD3d 197, 200-201 [1st Dept 2020]). "Otherwise time-barred discrete acts can be considered timely where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice" (*Sotomayor v City of New York*, 862 FSupp2d 226 [EDNY 2012], *affd*, 713 F3d 163 [2d Cir 2013]).

159891/2022   THOMAS, JASON vs. CITY OF NEW YORK ET AL
Motion No.  002

Page 7 of 13

7 of 13

To apply the continuous violation doctrine to otherwise time-barred claims on a motion to dismiss, the plaintiff must plead factual allegations that "the time-barred allegations constituted a pattern or practice of ongoing discriminatory or retaliatory conduct or a continuing hostile work environment" (*Mira v Harder [Evans]*, 177 AD3d 426, 426 [1st Dept 2019]). As set forth below, Plaintiff has pleaded a cognizable cause of action for hostile work environment (*see infra* at 10). This includes allegations of repeated discriminatory conduct throughout the duration of the survey, including being barred from earning overtime or promotion during the survey, earning only four hours of overtime in the years 2020 and 2021, and being repeatedly threatened with termination because of his perceived disability. On this pre-answer motion, it cannot be said, as matter of law, that the acts alleged were not a part of a single continuing pattern of unlawful conduct extending into the three-year period immediately preceding the filing of the complaint (*see Ferraro v New York City Dept of Educ.*, 115 AD3d 497, 497 [1st Dept 2014]).

The City's focus on the PPF and Plaintiff's assertions that he is not disabled are misplaced. Although Plaintiff disagrees with the determination that he was disabled, the thrust of his employment discrimination claims is that he was improperly forced to retire because of his perceived disability.[2] Plaintiff need not concede that he is disabled in order to pursue his discrimination claims, provided that his employer perceived him as disabled (*see e.g., Sanderson v Leg Apparel LLC*, 2020 WL 3100256 [SD NY, June 11, 2020, No. 1:19-CV-08423-GHW]["Defendants argue that because Sanderson has not alleged that he is not heterosexual, he cannot bring a sex discrimination claim. That argument is unpersuasive"]). Nor are his discrimination claims contingent on a challenge to the findings of the PPF Medical Board.

---

[2] It is also noted that Plaintiff voluntarily withdrew his claims against the PPF with the amended complaint.

**159891/2022   THOMAS, JASON vs. CITY OF NEW YORK ET AL**     **Page 8 of 13**
  **Motion No.  002**

8 of 13

Therefore, that portion of the motion that seeks dismissal due to expiration of the statute of limitations is denied.

## B. Disability Discrimination

The City next moves to dismiss Plaintiff's first cause of action for disability discrimination for failure to state a cause of action. Under the NYCHRL, it is an unlawful discriminatory practice "for an employer or an employee or agent thereof, because of the actual or perceived . . . disability . . . status of any person, to refuse to hire or employe or to bar or to discharge from employment such person or . . . to discriminate against such person in compensation or in terms, conditions or privileges of employment" (Administrative Code § 8-107[1][a]). To state a cause of action for disability discrimination under the NYCHRL, a plaintiff must plead factual allegations that the plaintiff (1) is a member of a protected class; (2) was qualified to hold the position, (3) was terminated, subjected to another adverse employment action, or was treated differently from other employees, and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Harrington v City of New York*, 157 AD3d 582, 584 [1st Dept 2018]).

Plaintiff has met his burden with respect to the first three elements by pleading that he was perceived by his employer to be disabled (NYSCEF Doc No. 17, amended complaint ¶ 23, 24, 44), was qualified to hold his position with the NYPD (*id*. ¶ 10), and was terminated or constructively terminated (*id*. ¶ 166). Plaintiff's allegations that he was forced to retire and denied overtime and promotional opportunities due to his perceived disability are sufficient to give rise to an inference of discrimination (*id*. ¶ 68-69, 72, 114-116, 166, 174; *Harrington*, 157 AD3d at 585; *see also Vig*, 67 AD3d at 145 ["plaintiff alleging employment discrimination need not plead specific facts

establishing a *prima facie* case of discrimination but need only give fair notice of the nature of the claim and its grounds"][internal quotations omitted]).

### C. Hostile Work Environment

The City next moves to dismiss Plaintiff's second cause of action for hostile work environment under the NYCHRL. To state a cause of action for hostile work environment under the NYCHRL, a plaintiff must allege that they were treated "differently" or "less well" than other employees because of a protected status (*Askin v Department of Educ. of the City of N.Y.*, 110 AD3d 621, 622 [1st Dept 2013]; *Williams*, 61 AD3d at 78). The plaintiff must allege more than "petty slights and trivial inconveniences" (*Suri v Grey Glob. Grp., Inc.*, 164 AD3d 108, 118 [1st Dept 2018]). "[A] a contention that the behavior was a petty slight or trivial inconvenience constitutes an affirmative defense, which should be raised in the defendants' answer, and does not lend itself to a pre-answer motion to dismiss" (*Kaplan v New York City Dept of Health & Mental Hygie*ne, 142 AD3d 1050, 1051 [2d Dept 2016], citing *Williams*, 61 AD3d at 80; *Wilcox v Newark Val. Cent. School Dist.*, 74 AD3d 1558, 1562 [2d Dept 2010]). Questions of "severity" and "pervasiveness" are applicable to consideration of the scope of permissible damages, but not to the question of underlying liability (*Williams*, 61 AD3d at 76).

The City avers that Plaintiff has failed to sufficiently plead that he was treated less well because of his perceived disability and has not adequately identified comments or actions made to him that would be so offensive as to unreasonably interfere with Plaintiff's work (NYSCEF Doc No. 20, affirmation in support at 19). Plaintiff asserts that he has met hid burden by pleading that he was repeatedly called disabled when he was not, was harassed by being forced to attend monthly doctor's appointments, was surveyed off the job due to his perceived disability status, was barred from earning overtime or promotion during the survey, and was repeatedly threatened with

159891/2022   THOMAS, JASON vs. CITY OF NEW YORK ET AL          Page 10 of 13
  Motion No.  002

10 of 13

[* 10]

termination over his disability (NYSCEF Doc No. 23, affirmation in opposition at 31). Applying the required liberal pleading standard, Plaintiff has adequately pleaded a cause of action for hostile work environment. Plaintiff's allegations that he was denied overtime and promotional opportunities due to his perceived disability are adequate to plead that he was treated differently or less well than non-disabled employees, and allegations that a was repeatedly told he would be forced to retire or "surveyed" off the job have been found by several courts to sufficiently allege facts that allege a plaintiff was subjected to a hostile work environment (*see Marcus v The City of New York*, 2023 NY Slip Op 34314[U], *4 [Sup Ct, NY County 2023]; *Viviana Ayende v The City of New York*, 2023 NY Slip Op 32970[U], *6 [Sup Ct, NY County 2023]; *Pesantez v The City of New York*, 2023 NY Slip Op 32249[U][Sup Ct, NY County 2023]).

**D. Failure to provide reasonable accommodation/engage in cooperative dialogue**

The City also moves to dismiss Plaintiff's fourth cause of action for failure to accommodate and engage in a cooperative dialogue. Section 8–107(15)(a) of the NYCHRL provides that an employer has the obligation to "make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job . . . provided that the disability is known or should have been known by the [employer]." Separately, it is "unlawful discriminatory practice for an employer . . . to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation" related to a disability (Administrative Code § 8-107[28][a][2]).

To state a cause of action for failure to accommodate under the NYCHRL, a plaintiff must make factual allegations that (1) the plaintiff is a person with a disability or perceived to have a disability within the meaning of the statute, (2) the employer had notice of the disability, (3) with reasonable accommodation, the plaintiff could perform the essential functions of the job, and (4)

159891/2022  THOMAS, JASON vs. CITY OF NEW YORK ET AL                    Page 11 of 13
  Motion No. 002

11 of 13

the employer refused to make such accommodations (*see Sivio v Village Care Max*, 436 F Supp 3d 778, 790 [SD NY 2020]). "Because the NYCHRL presumes all accommodations to be reasonable until proven otherwise, Defendant bears the burden of demonstrating, as an affirmative defense, that the requested accommodation was overly burdensome, or that Plaintiff could not perform the essential functions of his job even with a reasonable accommodation" (*LeBlanc v United Parcel Serv.*, 2014 WL 1407706, at *18, [SD NY Apr. 11, 2014, No. 11 CIV. 6983 KPF]; *Romanello v Intesa Sanpaolo, S.p.A.*, 22 NY3d 881, 885 [2013], *see also Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824, 834-835 [2014]).

It is undisputed that Plaintiff was perceived to be disabled by his employer, which satisfies the first two elements of the cause of action. At this stage of the litigation, Plaintiff's allegations that he can perform the functions of an NYPD officer, either at full duty or with accommodations (NYSCEF Doc No. 17, amended complaint ¶¶ 47-49, 82-83, 96, 112, 130-132, 213), are sufficient to meet his burden with respect to the final two elements. Whether the proposed accommodation constituted an undue burden on Plaintiff's employer is a question of fact which cannot be resolved on a motion to dismiss. Plaintiff also sufficiently pleads that the NYPD refused to engage in a cooperative dialogue by which he could continue his employment with accommodation (*id*. ¶¶ 19, 134, 151, 159-160). Therefore, the motion is denied with respect to this claim.

Whereas the City advances no substantive arguments regarding the remaining causes of action, the motion is denied with respect to these causes of action, as are all other arguments not otherwise addressed herein.

Accordingly, it is

ORDERED that the motion to dismiss is denied; and it is further

159891/2022   THOMAS, JASON vs. CITY OF NEW YORK ET AL
Motion No.  002

Page 12 of 13

12 of 13

ORDERED that the City shall file an answer to the amended verified complaint no later than ten days after service of this order with notice of entry; and it is further

ORDERED that the clerk is directed to schedule this matter for a preliminary conference in the Differentiated Case Management Part on the earliest available date, upon Plaintiff filing a request for the same.

This constitutes the decision and order of the court.

20240520093106HKING012A...539AC642CD93036944238AD51D

_____
5/20/2024
**DATE**

_____
**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159891/2022 THOMAS, JASON vs. CITY OF NEW YORK ET AL**
**Motion No. 002**

**Page 13 of 13**